**LAW OFFICE OF EDUARDO J. CELAYA, PLLC**
Eduardo J. Celaya #014747
2942 N. 24TH Street, Suite 114
Phoenix, Arizona 85016
Phone (602) 281-4547
Fax (602) 424-5757
celayalaw@gmail.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Lucille Gagnon,<br><br>Plaintiff,<br><br>v.<br><br>National Enterprise Systems, Inc a/k/a NES of Ohio Inc. (FN), an Ohio corporation; and Redline Recovery Services, LLC, a Georgia LLC,<br><br>Defendants. | **COMPLAINT**<br><br><br>*JURY TRIAL DEMANDED* |

**JURISDICTION**

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' repeated violations of the Fair Debt

1

Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

PARTIES

4. Plaintiff Lucille Gagnon is a natural person who resides in the City of Fort Defiance, County of Apache, State of Arizona and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant National Enterprise Systems is a collection agency operating from an address of 29125 Solon Road, Solon, Ohio 44139 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Redline Recovery Service, LLC is a collection agency operating from an address of 1145 Sanctuary Parkway #350, Alpharetta, Georgia 30004 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

7. Sometime prior to 2009, Plaintiff incurred a financial obligation that was

primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an accounts with Sears, account ending in 7611.

8. On or about June 23, 2008, with The Seideman Law Firm acting as her agent, Plaintiff reached an agreement with Defendant Redline Recovery Services, LLC to settle the debt for $674.80. Under the terms of this agreement, the $674.80 had to be paid by June 25, 2008.

9. On or about June 25, 2008, The Seideman Law Firm issued a check by phone in the amount of $674.80 to Defendant Redline Recovery Services, LLC.

10. On or around June 4, 2009, Defendant National Enterprise Systems sent Plaintiff a letter referencing the debt.

11. The above-described collection communications made to Plaintiff by Defendants and other collection employees employed by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692c(5).

12. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well

as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to Plaintiff.

13.     Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary personal strain.

14.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**TRIAL BY JURY**

15.     Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.    The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

18.    As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

- for such other and further relief as may be just and proper.

5

Respectfully submitted this 20th day of October 2009.

**LAW OFFICE OF EDUARDO J. CELAYA, PLLC**

<u>s/*Eduardo J. Celaya*</u>
Eduardo J. Celaya
2942 N. 24TH Street, Suite 114
Phoenix, Arizona 85016
Attorney for Plaintiff